EFFIE DAIL, J. I. SPARROW, WILLIE SPARROW, JAMES SPARROW, EUGENE SPARROW AND LEONE CADE v. G. H. SPARROW AND WIFE, CORA LEE SPARROW (ALIAS CORA REA SPARROW).

(Filed 2 November, 1955.)

**Trial §§ 45, 51—**

Where the theory of the trial is confined solely to the single issue whether the deed in question was invalid for want of mental capacity of grantor to execute it, motions after verdict to set aside the verdict as a matter of law and for judgment *non obstante veredicto* on the ground that the deed was invalid because it was not executed according to the formalities of law, are properly denied, the grounds for the motions being at variance with the theory of trial and being unsupported by allegation.

APPEAL by plaintiffs from *Parker, J.,* and a jury, at 16 May, 1955, Term of LENOIR.

Civil action tried below on this issue: "Did J. R. Sparrow have sufficient mental capacity to execute the deed dated December 2, 1949, to his son G. H. Sparrow and his daughter-in-law, Cora Rea Sparrow? Answer: YES."

The plaintiffs moved the court to set the verdict aside as a matter of law, on the ground that the deed to the defendants, introduced in evidence by the defendants and relied on by them, is void upon its face. Motion overruled. Exception No. 1.

The plaintiffs then moved the court for judgment *non obstante veredicto.* Motion overruled. Exception No. 2.

From judgment entered upon the verdict decreeing that the deed is valid and that the defendants are the owners in fee of the lands described therein, the plaintiffs appeal.

*Sutton & Greene for plaintiffs, appellants.*
*Jones, Reed & Griffin for defendants, appellees.*

PER CURIAM. The questions presented by this appeal relate to the denial of the plaintiffs' motions made after verdict. By these motions, the plaintiffs sought to have the trial court declare the deed void on the ground that it was not executed according to the formalities of law.

The question whether the grantor executed the deed according to the formalities of law was not raised by the pleadings, nor was any issue in respect thereto tendered by the plaintiffs. On the contrary, the case was tried upon the single issue of mental capacity of the grantor. The attempt to raise this new question, which was at variance with the theory of the trial and unsupported by allegation, came too late after verdict, and consequently the rulings of the lower court on the motions will be sustained on procedural grounds. However, the deed, when examined in the light of the plaintiffs' challenge, appears to have been executed in substantial compliance with the formalities of law. The deed is sufficient in form to convey title.

The verdict of the jury supports the judgment entered below.

No error.